**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ashraf Youssef,<br><br>  Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>  Defendant. | No. CV-19-00396-PHX-JZB<br><br>**ORDER** |

At issue is the denial of Plaintiff Ashraf Youssef's Application for Disability Insurance Benefits by the Social Security Administration under the Social Security Act (The Act). Plaintiff filed a Complaint (doc. 1) with this Court seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (doc. 9), Defendant Social Security Administration Commissioner's Response Brief (doc. 10), and Plaintiff's Reply Brief (doc. 11). The Court has reviewed the briefs and Administrative Record (doc. 8) and now reverses the Administrative Law Judge's (ALJ) decision (AR 26-44) as upheld by the Appeals Council (AR 1-6).

**I.   Background.**

On May 29, 2015, Plaintiff filed an application for Disability Insurance Benefits for a period of disability beginning on May 5, 2014. (AR 29.) His claim was denied initially on August 1, 2015, and upon reconsideration on January 22, 2016. (AR 29.) On March 5, 2018, Plaintiff appeared before the ALJ for a hearing regarding his claim. (AR 29.) On

June 11, 2018, the ALJ denied Plaintiff's claim, and on December 20, 2018, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision. (AR 1, 29.)

The Court has reviewed the medical evidence in its entirety and finds it unnecessary to provide a complete summary here. The pertinent medical evidence will be discussed in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following severe impairments: degenerative disc disease of the cervical and thoracic spine (DDD), polyneuropathy diabetes, artherosclerotic heart disease of native coronary artery, status-post left heart catheterization, malignant carcinoid tumor of the duodenum, sleep apnea, obesity, cardiomyopathy, diabetes mellitus, chronic prostatitis, and premature ventricular contractions. (AR 31.)

Ultimately, the ALJ evaluated the medical evidence and testimony and concluded that Plaintiff is not disabled. (AR 38.) The ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (AR 32.) Additionally, the ALJ determined that Plaintiff has the residual functional capacity (RFC) to "perform light work . . . except he could never climb ladders, ropes or scaffolds but could occasionally climb ramps and stairs. He could frequently balance, stoop, kneel, crouch and crawl. He must not have exposure to hazards or extreme cold or heat." (AR 33.) Accordingly, the ALJ found Plaintiff can perform his past relevant work as a software engineer. (AR 37.)

**II. Legal Standard.**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable

person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled, and the inquiry ends. *Id.* At the fifth and final step, the ALJ determines whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If not, the claimant is disabled. *Id.*

**III. Analysis.**

Plaintiff raises two arguments for the Court's consideration. (Doc. 9 at 1.) First, Plaintiff argues that the ALJ erroneously rejected his testimony regarding the severity of his symptoms. (*Id.* at 12.) Second, Plaintiff argues that the ALJ misevaluated the opinion

of Dr. Rami Doss, Plaintiff's treating cardiologist.[1] The Court agrees with both arguments.

**A.     The ALJ erred because she rejected Plaintiff's testimony for an insufficient reason—a lack of supporting objective medical evidence.**

At his hearing before the ALJ, Plaintiff testified to various functional limitations stemming from his medical impairments. Specifically, he testified that he could not perform sedentary work because of issues with focus, dizziness, balance, memory, excessive sweating, and sleep. (AR 143-44.) He also testified regarding the surgeries on his heart and abdomen, but claimed that his symptoms have persisted and progressed. (AR 142-44.) Finally, he testified regarding walking and standing limitations due to musculoskeletal impairments and diabetic neuropathy. (AR 145-47.) According to the vocational expert, these limitations, if they caused Plaintiff to be off task for more than ten percent of a workday, would preclude employment. (AR 151.)

The ALJ rejected Plaintiff's testimony regarding his symptoms because Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 33-34.) The ALJ summarized the medical findings related to Plaintiff's impairments. (AR 34-35.) She noted that some of these findings undermine Plaintiff's statements regarding his symptoms. (AR 33-35.) However, many of the findings the ALJ summarized appear to bolster Plaintiff's testimony. (AR 34-35.) Finally, the ALJ stated that she considered Plaintiff's statements to medical providers (AR 35.) Notably, she cited a single record in March 2016 that indicated that Plaintiff denied certain symptoms at that appointment. (AR 35.)

An ALJ performs a two-step analysis to evaluate a claimant's testimony regarding pain and symptoms. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). First, the ALJ

---

[1] Plaintiff also argues that the ALJ failed to adopt the standing and walking limitations opined to by Dr. Jerry Dodson, a non-examining physician who evaluated Plaintiff's functional capacity. (Doc. 9 at 11.) The Court disagrees. The ALJ gave Dr. Dodson's opinion great weight and the ALJ accounted for the limitations in Plaintiff's RFC. Additionally, the ALJ was not required to accept every limitation Dr. Dodson opined to. *See Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1164 (9th Cir. 2008) (noting that ALJs are not required to accept medical opinions wholesale).

evaluates whether the claimant has presented objective medical evidence of an impairment "which could reasonably be expected to produce the pain or symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (*en banc*) (internal quotation marks omitted)). If the claimant presents such evidence then "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15 (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). This is the most demanding standard in Social Security cases. *Id*. at 1015. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

Here, the ALJ erred because the only reason she gave for rejecting Plaintiff's testimony was that it was purportedly unsupported by the medical evidence. (AR 33-35.) An ALJ is permitted to reduce the weight given to a claimant's testimony because it unsupported by objective medical evidence, but it cannot be the sole reason the testimony is rejected. *Burch*, 400 F.3d at 681. Both Plaintiff and Defendant confuse the law on this issue. (Doc. 9 at 13-14, Doc. 10 at 10.) None of the cases cited by either party support the proposition that an ALJ may reject a claimant's testimony *solely* because it is unsupported by the objective medical evidence. Regardless of whether the lack of support is characterized as an inconsistency or a contradiction, a mere lack of support, without more, is insufficient to reject a claimant's testimony. *Burch*, 400 F.3d at 680.

Conversely, actual inconsistencies in a claimant's testimony or statements, without more, are a sufficient reason to reject a claimant's testimony. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004). These inconsistencies are not merely reports of the absence of symptoms in isolated medical records. Instead, they are actual statements by the claimant or others that undermine the credibility of the claimant's testimony.

In this case there were no inconsistencies in Plaintiff's testimony or statements. The medical record the ALJ cited where Plaintiff denied "bladder symptoms, bowel symptoms, numbness, tingling, confusion, memory loss, speech disorder, weakness, muscle twitching, cramping, headaches, vertigo, dizziness, imbalance or falling, blurred vision or difficulty with gait walking" (AR 35), is not an inconsistency in Plaintiff's testimony or statements. The absence of symptoms described in the record are more appropriately considered an absence of certain medical evidence, rather than inconsistent statements that reflect on Plaintiff's credibility.[2]

Because the only reason the ALJ provided for rejecting Plaintiff's symptom testimony was a purported lack of objective medical support, she erred

**B.     The ALJ also erred by rejecting the opinion of Dr. Ramy Doss, Plaintiff's treating cardiologist.**

Dr. Doss opined to various impairments and limitations that interfered with Plaintiff's ability to perform his work as a software engineer. (AR 544-45.) Dr. Doss described 11 different impairments and symptoms including: dizziness, fatigue, daytime sleepiness, leg and back pain, and memory and concentration issues. (AR 545.) Finally, Dr. Doss noted that these limitations would limit his ability to function in his previous position as a software engineer. (AR 545.)

The ALJ gave this opinion little weight for three reasons. (AR 35.) First, the ALJ found that Dr. Doss did not provide a function-by-function analysis of Plaintiff's work abilities. (AR 35.) Second, the ALJ noted that Dr. Doss did not diagnose or treat Plaintiff for DDD, so Dr. Doss's opinion regarding orthopedic issues was without basis. (AR 35–36.) Third, the ALJ concluded that there were no sleep apnea studies to substantiate Dr. Doss's opinion regarding Plaintiff's daytime sleepiness. (AR 36.) Consequently, the ALJ concluded that the medical evidence does not support Dr. Doss's opinion. (AR 36.)

While "[t]he ALJ must consider all medical opinion evidence," there is a hierarchy

---

[2] Even if it had been proper for the ALJ to treat the record as evidence of inconsistent statements by Plaintiff, the single record would not constitute substantial evidence.

- 6 -

among the sources of medical opinions. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Those who have treated a claimant are treating physicians, those who examined but did not treat the claimant are examining physicians, and those who neither examined nor treated the claimant are nonexamining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). "The medical opinion of a claimant's treating physician is given 'controlling weight' so long as 'it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the record]." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 1995) (citing 20 C.F.R. § 404.1527(c)(2)). If a treating physician's opinion is not given controlling weight, then the ALJ must consider the relevant factors listed in 20 C.F.R. § 404.1527(d)(2)-(6) and determine the appropriate weight to give the opinion. *Orn*, 495 F.3d at 632.

If a treating doctor's opinion is contradicted by another doctor's opinion, the ALJ may not reject the treating doctor's opinion without setting forth "specific and legitimate reasons" for doing so that are based on substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). A treating doctor's opinion will often be entitled to significant deference, even when contradicted. *Orn*, 495 F.3d at 632–33.

The ALJ's first reason for rejecting Dr. Doss's opinion—that Dr. Doss did not provide a function-by-function analysis—is specific and legitimate, but it is not supported by substantial evidence. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Dr. Doss's opinion specifies the functional limitations—lack of concentration, drowsiness, daytime sleepiness, fatigue, chronic pain, and excessive sweatiness—that prevent Plaintiff from fully performing his past work. Dr. Doss connected Plaintiff's diagnoses to symptoms and connected those symptoms to functional limitations. Therefore, the ALJ erred in rejecting his opinion on this basis.

The ALJ also erred by rejecting Dr. Doss's opinion because Dr. Doss did not personally diagnose or treat Plaintiff for DDD. Plaintiff's spinal issues were extensively documented through clinical findings and noted by the ALJ in his review of Plaintiff's medical records. (AR 34.) The ALJ specifically noted severe spinal degeneration that was

confirmed via MRI. (AR 34.) Even though Dr. Doss—Plaintiff's cardiologist—did not specifically diagnose or treat Plaintiff for this impairment, Plaintiff's DDD is clearly documented in the record. (AR 34.) In fact, the ALJ found that DDD was one of Plaintiff's severe impairments, which means it is a documented impairment that causes "more than a minimal effect on an [Plaintiff]'s ability to work." [3] (AR 31). *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

Finally, the ALJ erred by rejecting Dr. Doss's opinion because his opinion regarding daytime sleepiness was not verified by sleep apnea studies. (AR 35). This reason is inconsistent with the ALJ classifying sleep apnea as one of Plaintiff's severe impairments. (AR 31.) In order to find that an impairment is severe, the ALJ must first determine that it is a medically determinable impairment. To establish a medically determinable impairment, a claimant must provide evidence from a medically acceptable source, such as laboratory results or a licensed physician. 20 C.F.R. § 404.1513(a); *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005). The ALJ's rejection of Dr. Doss's opinion because Plaintiff's sleep apnea was not verified is inconsistent with the ALJ's finding that Plaintiff's sleep apnea was a severe impairment, *i.e.*, it causes more than a minimal effect on Plaintiff's ability to work. (AR 31.)

Because the ALJ offered no specific and legitimate reasons supported by substantial evidence, she erred by rejecting Dr. Doss's opinion.

**C.    The proper remedy is to remand Plaintiff's case for calculation of benefits.**

The credit-as-true rule, if applied here, would result in a remand of Plaintiff's case for a calculation and payment of benefits. *Garrison*, 759 F.3d at 1020. It applies if each part of a three-part test is satisfied. *Id*. First, the record must have been fully developed and

---

[3] Even if the ALJ's rejection of Dr. Doss's opinion had been backed by substantial evidence as to DDD, the ALJ would still have erred. The ALJ's rejection of Dr. Doss's opinion regarding DDD because Dr. Doss did not treat Plaintiff for that impairment does not justify rejecting the entire opinion. Dr. Doss's opinion also contains limitations from impairments he did treat Plaintiff for, and the ALJ did not offer a specific and legitimate reason for rejecting those limitations.

- 8 -

further administrative proceedings would serve no useful purpose. *Id.* Next, the ALJ must have failed to provide sufficient reasons for rejecting claimant's testimony or medical opinions. *Id.* Finally, if the improperly discredited evidence were credited as true, then the ALJ would be required to find the claimant disabled. *Id.* The credit-as-true rule allows for some flexibility and balances efficiency and fairness in conjunction with the requirement that a claimant actually be disabled in order to receive benefits. *Id.* at 1021. Finally, even if all the rule's requirements are met, the Court may still decline to apply the rule if there is "serious doubt" that the claimant is, in fact, disabled. *Id.*

All of the elements of the credit-as-true rule are met. First, the record is fully developed and remand for additional proceedings would serve no useful purpose. Next, the ALJ provided insufficient reasons for rejecting Plaintiff's symptom testimony and Dr. Doss's opinion. Finally, if Plaintiff's symptom testimony and Dr. Doss's opinion were credited as true, the ALJ would be required to find Plaintiff disabled. The vocational expert at Plaintiff's hearing testified that Plaintiff would be unable to work if he was off task for more than ten percent per day. (AR 151.) Plaintiff's testimony and Dr. Doss's opinion establish that because of his various limitations, especially those stemming from his cardiac, diabetic, and spinal impairments, he would be off task for more for than ten percent per workday. (AR 143, 545.)

Finally, there is not serious doubt as to whether Plaintiff is, in fact, disabled. His spinal issues are extensively documented throughout the clinical records, which the ALJ noted. (AR 34.) Furthermore, although the record does not confirm beyond all doubt that Plaintiff's numerous impairments prevent him from working, the medical records do not raise serious doubt that he is unable to work. This result squares with the purpose of the credit-as-true rule, which aims to ensure a thorough examination of claimants' cases in the first instance and prevent an inefficient and "unfair 'heads we win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379 F.3d 587 595 (9th Cir. 2004).

Accordingly, the Court will remand for calculation and entry of benefits.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated**, and this case is **remanded** for calculation of benefits. The Clerk is directed to enter final judgment consistent with this Order and **terminate** this case.

Dated this 11th day of March, 2020.

_____
Honorable John Z. Boyle
United States Magistrate Judge